IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANKLIN L. WILLIAMS, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:11-CV-577-Y |
| | § | |
| REBECCA TAMEZ, WARDEN, | § | |
| FCI-FORT WORTH, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B.  PARTIES

Petitioner Franklin L. Williams, Reg. No. 12952-021, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.  No process has issued upon Respondent.

## C. PROCEDURAL HISTORY

On February 26, 2007, a jury found petitioner guilty of two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the Southern District of Georgia. *United States v. Williams*, PACER, CM/ECF, Criminal Docket for Case No. 5:06-CR-014-WTM-JEG-1, docket entry no. 49. On June 20, 2007, the district court sentenced petitioner to a 292-month term of imprisonment on each count, the sentences to be served concurrently and also to run concurrently with petitioner's revoked state parole term for a 1997 state conviction in Georgia for possession of cocaine. *Id.*, entry no. 62, 74. Petitioner directly appealed his convictions and sentences and filed multiple motions challenging his federal convictions in the convicting court, including five motions under 28 U.S.C. § 2255 to vacate, set aside or correct his sentences, as well as multiple petitions under 28 U.S.C. § 2241 in the convicting court and this court. *Id.*, entry no. 379 (Magistrate Judge's Report and Recommendation); *Williams v. United States*, PACER, CM/ECF, Civil Docket for Case Nos. 5:08-CV-034-WTM-JEG, 5:09-CV-104-WTM-JEG, 5:11-CV-019-WTM-JEG, 5:11-CV-073-WTM-JEG, 5:11-CV-077-WTM-JEG (2255s); *Williams v. Warden*, PACER, CM/ECF, Civil Docket for Case Nos. 5:10-CV-077-LGW-JEG, 5:10-CV-103-WTM-JEG, 5:10-CV-110-LGW-JEG, 5:10-CV-220-LGW-JEG, 5:11-CV-018-WTM-JEG, 5:11-CV-031-WTM-JEG, 5:11-CV-036-LGW-JEG, 4:10-CV-957-Y, 4:11-CV-061-A, 4:11-CV-216-A (2241s).

In addition, petitioner has filed numerous state actions challenging his 1977 Georgia conviction and is permanently enjoined from filing more, similar actions in the Superior Court of Ware County, Georgia. (Pet'r Ex. #4) He has also filed multiple 28 U.S.C. § 2254 federal petitions challenging the 1977 conviction in the United States District Court for the Southern District of Georgia and at least one § 2241 petition in this court. *Williams v. Warden*, PACER, CM/ECF, Civil

Docket for Case Nos. 5:07-CV-101-LGW-JEG, 5:07-CV-474-CAR-CWH, 5:09-CV-020-LGW-JEG, 5:11-CV-083-LGW-JEG (pending), 5:11-CV-083-LGW-JEG, 5:10-CV-056-LGW-JEG, 5:11-CV-048-LGW-JEG, 4:11-CV-110-A.   All to no avail.   The Southern District of Georgia has warned petitioner against perpetuating this "continuous stream of frivolous filings."   (Pet'r Ex. #5)

## D. DISCUSSION

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).   Included in such power is the authority to levy sanctions in response to abusive litigation practices.   *Id.*   Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.   *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).   Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell,* No. 3-03-CV-0768-P, 2003 WL 21448362, at *2 (N.D.Tex. May 5, 2003), *rec. adopted,* 2003 WL 21488150 (N.D.Tex. May 15, 2003), *quoting Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989).   Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions.   *See id.* (citing cases).   This is petitioner's fifth § 2241 motion filed in this court.   The time has come to end these frivolous filings. Accordingly, petitioner should be warned that sanctions will be imposed if he files another writ seeking habeas relief involving his 1977 Georgia conviction in Case No. 97-R-061 or his 2007 federal convictions in the Southern District Of Georgia in Case No. 5:06-CR-014-WTM-JEG0-1. In addition to monetary penalties, such sanctions may include an order barring petitioner from filing

3

any civil actions in federal court without obtaining prior authorization from a district judge or magistrate judge. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

## II. RECOMMENDATION

Based on the foregoing, petitioner's application for writ of habeas corpus should be dismissed as an abuse of the writ. In addition, petitioner should be warned that sanctions will be imposed if he files another writ seeking relief from his 1977 Georgia conviction or his drug-related convictions out of the Southern District of Georgia. All pending motions are denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 23, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 23, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September ____2____, 2011.


JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE