```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION


FRANKLIN L. WILLIAMS,           §
     Petitioner,                §
                                §
VS.                             §   CIVIL ACTION NO.4:11-CV-577-Y
                                §
REBECCA TAMEZ, Warden,          §
FCI-Fort Worth,                 §
     Respondent.                §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS, ORDER DENYING MOTIONS FOR COUNSEL AND TO PROCEED IN FORMA PAUPERIS and, ORDER DISMISSING PETITION UNDER § 2241 AS AN ABUSE OF THE WRIT

In this action brought by petitioner Franklin L. Williams under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 2, 2011;

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 9, 2011.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed as an abuse of the writ, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

Franklin L. Williams was convicted in the United States District Court for the Southern District of Georgia in case number 5:06-Cr-014-WTM-JEG-14, and he has filed numerous successive challenges to his conviction in that court under 28 U.S.C. § 2255. Since the Bureau of Prisons moved Williams to FCI--Fort Worth in this division of the Northern District of Texas, Williams has filed numerous petitions under 28 U.S.C. § 2241 in this district in which

he attempts to challenge his conviction. Section 2241 may be used by a federal prisoner to challenge the legality of a conviction and/or sentence only if the petitioner satisfies the so-called § 2255 "saving clause."[1] Section 2255 provides that a prisoner may file an application for writ of habeas corpus if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention."[2] In order to establish that a § 2255 motion is inadequate or ineffective, a petitioner must demonstrate three things:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.[3]

As noted by the magistrate judge, Williams has been advised on three instances over the course of just a few months in 2011 that his claims of actual innocence and other challenges to his conviction under § 2241 have not invoked the savings clause.[4] *See Williams v. Tamez,* No.4:11-CV-216-A (April 29, 201); *Williams v.*

---

[1] *See Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001).

[2] 28 U.S.C.A. § 2255(e)(West Supp. 2010).

[3] *Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir. 2003)(citing *Reyes-Requena,* 243 F.3d at 904; *see also Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

[4] In addition, Williams filed another case under 28 U.S.C. § 2241, which was construed as an attack on his state conviction in Georgia and dismissed. *See Williams v. Tamez,* No.4:11-CV-110-A (Order of April 29, 2011).

*Tamez,* No. 4:11-CV-061-A (Order of Febraury 14, 2011); *Williams v. Tamez,* No. 4:11-CV-957-Y (Order of March 29, 2011). In spite of those resolutions, Williams filed this petition under § 2241 on August 18, 2011, again raising challenges that he is well aware will not invoke the savings clause. As such, the magistrate judge's determination that this action must be dismissed as an abuse of the writ of habeas corpus is adopted.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED, as modified.[5]

As the petition will be summarily dismissed, there is no basis for appointment of counsel and Williams's motion for appointment of counsel filed on August 23, 2011 (doc. 3) is DENIED. Because Franklin Williams paid the filing fee to initiate this case, the motion to proceed in forma pauperis filed on September 2, 2011 (doc. 8) is DENIED as moot.

Petitioner Franklin L. Williams's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED as an abuse of the writ of habeas corpus. Franklin L. Williams, BOP No. 12952-021, is warned that any future filings submitted under 28 U.S.C. § 2241 challenging the conviction he received in the United States

---

[5]The magistrate judge's reference to Franklin Williams's state court conviction incorrectly referenced it as taking place in "1977" instead of "1997."

District Court for the Southern District of Georgia in case number 5:06-Cr-014-WTM-JEG-1, or challenging the 1997 state court conviction Williams received in the Superior Court of Ware County, Georgia in cause number 97-R-061, may result in the imposition of sanctions, including monetary sanctions or a bar to filing any civil actions in federal court without first obtaining prior authorization from a district judge or magistrate judge.

SIGNED September 20, 2011.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE